# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

VITALY NOVIKOV,

    Petitioner,

v.

PATRICK GARTLAND,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-164

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Vitaly Novikov ("Novikov"), who is currently in the physical custody of United States Immigration and Customs Enforcement ("ICE") at the Folkston ICE Processing Center in this District, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) After the Court ordered service, Respondent filed a Response arguing that the Court should dismiss the Petition. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Novikov's Petition, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Novikov *in forma pauperis* status on appeal.

## **BACKGROUND**

Novikov previously resided in territory that was formerly part of the Union of Soviet Socialist Republics but is now governed by Ukraine. Novikov was a native and citizen of the U.S.S.R. until 1989 when he entered the United States as a refugee and later adjusted his status to lawful permanent resident. (Doc. 8-1, p. 1.) On February 9, 2017, Novikov was convicted of an aggravated felony relating to a crime of violence, "Criminal Domestic Violence in a High Aggravated Nature," in Anderson, South Carolina. (Id.) On February 9, 2017, the United States

Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Novikov as removable under Immigration and Nationality Act ("INA") § 237(a)(2)(iii) for being convicted of an aggravated felony relating to a crime of violence after admission to the United States. (Id.) On April 18, 2017, the Immigration Judge sustained the allegations against Novikov and ordered that he be removed to Ukraine. (Id.) Novikov waived his right to appeal, making the administrative order final. (Id.)

However, Novikov has not yet been removed to Ukraine. On May 19, 2017, ICE mailed a request to the Embassy of Ukraine for issuance of travel documents, but Ukraine has yet to issue those documents. (Id.) ICE has taken other actions to facilitate Novikov's removal such as conducting reviews of Novikov's custody conditions. (Id. at p. 2.) After those reviews, ICE found that Novikov was deemed a flight risk or a danger to the community or national security and that Novikov's removal was likely in the reasonably foreseeable future. Consequently, ICE decided to continue Novikov's detention. (Id.) ICE has also issued several documents to Novikov advising him of his responsibilities to assist ICE in the removal process. (Id. at p. 2.) ICE has made additional requests for travel documents to Ukraine and Russia. (Id.) On January 29, 2018, a consent form was sent to the Ukrainian Embassy to supplement the request for travel documents. (Id.) This form was retrieved from Novikov after a request from ICE Headquarters Removal and International Operations Unit. (Id.)

Novikov filed this Section 2241 action on December 4, 2017. (Doc. 1.) Therein, he argues that he should be released pursuant to the ruling in Zadvydas v. Davis, 533 U.S. 678 (2001), and that his continued detention violates his constitutional rights. Respondent filed his Response, through counsel, on February 9, 2018. (Doc. 8.)

## DISCUSSION

### I. Dismissal of Novikov's Section 2241 Petition

Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During that period, the Attorney General must detain the alien. 8 U.S.C. § 1231(a)(2). The Attorney General may detain certain categories of aliens beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6). However, any continued detention under that statute must not be indefinite. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (construing 8 U.S.C. § 1231(a)(6) to contain a "reasonable time" limitation in which the Attorney General may detain aliens beyond the 90-day period). The United States Supreme Court has found that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

Zadvydas does not entail, however, that every alien detained longer than six months must be released. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must: (1) demonstrate that he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). If a petitioner makes these showings, the burden shifts to the Government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

Novikov has satisfied the first prong of Akinwale (i.e., detention beyond the six-month removal period). His order of removal became administratively final on April 18, 2017. Thus, the six-month mark passed on October 17, 2017. Nevertheless, he has failed to satisfy the second prong of Akinwale. Novikov has not presented any evidence of a good reason to believe

that there is no significant likelihood of removal in the reasonably foreseeable future. Akinwale, 287 F.3d at 1052. Novikov has not argued, much less presented evidence, that any department of the United States has hindered his removal. Rather, throughout his Petition, he simply makes conclusory arguments without any factual support.

Novikov's conclusory and generalized allegations regarding Ukraine's intentions and practices are insufficient to state a claim that there is no significant likelihood of his removal in the reasonably foreseeable future. Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (Petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future."). Novikov's wholly conclusory allegations lack any support in the record and do not require consideration by this Court, let alone entitle him to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a Section 2255 motion insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (petitioner not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'")).

Equally unavailing is Novikov's implied argument that the Court can somehow presume that he will not be removed in the reasonably foreseeable future because he was not removed within 180 days of the removal order. Under this line of reasoning, the Court must grant relief any time a petitioner is held for longer than six months after a removal order. This would render the second prong of Akinwale meaningless and contradict the holding of Zadvydas. Furthermore, Novikov does not explain how the past lack of progress in the issuance of his travel documents means that Ukraine will not produce the documents in the foreseeable future. See

Fahim, 227 F. Supp. 2d at 1366 ("The lack of visible progress since the INS requested travel documents from the Egyptian government does not in and of itself meet [petitioner's] burden of showing that there is no significant likelihood of removal. '[I]t simply shows that the bureaucratic gears of the INS are slowly grinding away.' [Khan v. Fasano, 194 F. Supp. 2d 1134, 1137 (S.D. Cal. 2001).] In other words, the mere fact that the Egyptian government has taken its time in responding to the INS request for travel documents does not mean that it will not do so in the future."). While Novikov has shown bureaucratic delays in his removal proceedings, he has not demonstrated a significant unlikelihood of his removal in the reasonably foreseeable future.

Novikov has failed to present any facts indicating that ICE is incapable of executing his removal order and that his detention will be of an indefinite nature. However, circumstances could eventually change in Novikov's removal situation to the point that he could present a plausible claim for relief. Accordingly, the Court should **DISMISS** his Petition **WITHOUT PREJUDICE**. Akinwale, 287 F.3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal without prejudicing [petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted.").

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Novikov leave to appeal *in forma pauperis*. Though Novikov has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice

5

of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Novikov's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Novikov's Petition, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Novikov leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Novikov and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA